**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Antonio AMBROSIO–RUBIRA,
Defendant–Appellant.**

**United States of America,
Plaintiff–Appellee,**

v.

**Antonio Ambrosio–Rubira,
Defendant–Appellant.**

No. 15-50308, No. 15-50310

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted August 4,
2016, Pasadena, California

Filed August 12, 2016

Vincent J. Brunkow, Federal Defenders of San Diego, Inc., San Diego, CA, for the Defendant–Appellant.

Mark R. Rehe, Assistant U.S. Attorney, United States Attorney's Office, San Diego, CA, for the Plaintiff–Appellee.

Before: REINHARDT, KOZINSKI, and WARDLAW, Circuit Judges.

MEMORANDUM *

Antonio Ambrosio–Rubira appeals the sentence imposed after he pled guilty to one count of illegal reentry in violation of 8 U.S.C. § 1326. The district court determined that Ambrosio–Rubira's prior conviction for assault with a deadly weapon in violation of California Penal Code § 245 qualified as a "crime of violence" within the meaning of United States Sentencing Guideline § 2L1.2 and therefore applied a 12–level upward adjustment. After calculating the Guidelines range as 30 to 37 months, the district court sentenced Ambrosio–Rubira to 30 months. Because the illegal reentry also violated the terms of Ambrosio–Rubira's supervised release, imposed following a 2010 conviction, the district court sentenced him to an additional eight months, with six months running concurrent to the § 1326 sentence. We have jurisdiction under 8 U.S.C. § 1291, and we affirm.

1. The Supreme Court's decisions in *Descamps v. United States*, —— U.S. ——, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013) and *Mathis v. United States*, —— U.S. ——, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016) are not "clearly irreconcilable" with our decision in *United States v. Grajeda*, 581 F.3d 1186 (9th Cir. 2009). *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003). In *Grajeda*, we applied the elements-based categorical approach the Supreme Court established in *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

(1990), and concluded that California Penal Code § 245 is "categorically a crime of violence." *Grajeda*, 581 F.3d at 1197. Neither *Descamps* nor *Mathis* altered *Taylor*'s holding setting forth the pure categorical approach; rather, those decisions clarified when the modified categorical approach applies. *See Mathis*, 136 S.Ct. at 2251–54; *Descamps*, 133 S.Ct. at 2283–86. Because *Grajeda*—like this case—involves only the pure categorical approach, it remains good law. *See Grajeda*, 581 F.3d at 1189.

2. The district court adequately explained the basis for the sentence imposed for Ambrosio–Rubira's supervised release violation. At sentencing, the district court reviewed the § 3553(a) factors, listened to defense counsel's argument, concisely explained its reasoning, and imposed a sentence at the low end of the Guidelines range with all but two months running concurrent to the § 1326 sentence. Nothing more was required. *See United States v. Laurienti*, 731 F.3d 967, 975 (9th Cir. 2013); *United States v. Vasquez–Cruz*, 692 F.3d 1001, 1008 (9th Cir. 2012); *United States v. Valencia–Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010).

**AFFIRMED.**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.